**Stacy W. HOWARD, Plaintiff—Appellant,**

v.

**GEORGETOWN COUNTY DETENTION CENTER; Mike Swartz, Chief Administrator; Chuck Kocis, Major; Kenneth Owens, Captain; Barry Marsh, Captain, Defendants—Appellees.**

No. 05–6588.

United States Court of Appeals,
Fourth Circuit.

Submitted: Nov. 17, 2005.

Decided Nov. 23, 2005.

---

Stacy W. Howard, Appellant Pro Se. William Walter Doar, Jr., Leigh Taylor Powers, McNair Law Firm, PA, George-town, South Carolina, for Appellees.

Before WILKINSON, LUTTIG, and WILLIAMS, Circuit Judges.

Dismissed by unpublished PER CURIAM opinion.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Stacy W. Howard seeks to appeal the district court's order adopting the magis-trate judge's recommendation to grant De-fendants' motion for summary judgment in Howard's 42 U.S.C. § 1983 (2000) action. We dismiss the appeal for lack of jurisdic-tion because the notice of appeal was not timely filed.

Parties are accorded thirty days after the entry of the district court's final judg-ment or order to note an appeal, Fed. R.App. P. 4(a)(1)(A), unless the district court extends the appeal period under Fed. R.App. P. 4(a)(5) or reopens the ap-peal period under Fed. R.App. P. 4(a)(6). This appeal period is "mandatory and ju-risdictional." *Browder v. Dir., Dep't of Corr.*, 434 U.S. 257, 264, 98 S.Ct. 556, 54

L.Ed.2d 521 (1978) (quoting *United States v. Robinson*, 361 U.S. 220, 229, 80 S.Ct. 282, 4 L.Ed.2d 259 (1960)).

The district court's order was entered on the docket on March 11, 2005. The notice of appeal was filed on April 15, 2005.* Because Howard failed to file a timely notice of appeal or to obtain an extension or reopening of the appeal peri-od, we dismiss the appeal. We grant Howard's motion to supplement the rec-ord. We dispense with oral argument be-cause the facts and legal contentions are adequately presented in the materials be-fore the court and argument would not aid the decisional process.

*DISMISSED*

---

* For the purpose of this appeal, we assume that the date appearing on the notice of appeal is the earliest date it could have been properly delivered to prison officials for mailing to the court. *See* Fed. R.App. P. 4(c); *Houston v. Lack*, 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988).